IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STRATEGIC DECISIONS, LLC, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO.: |
| v. | : 1:13-cv-2510-WSD |
| | : |
| THE MARTIN LUTHER KING, JR. | : |
| CENTER FOR NONVIOLENT | : |
| SOCIAL CHANGE, INC., | : |
| | : |
| Defendant. | : |

**PLAINTIFF STRATEGIC DECISIONS'
MOTION *IN LIMINE* AND/OR FOR SANCTIONS**

COMES NOW Plaintiff Strategic Decisions, LLC ("Strategic Decisions"), by and through undersigned counsel and, pursuant to Rules 102, 104 and 403 of the Federal Rules of Evidence and Rules 30 and 37 of the Federal Rules of Civil Procedure, hereby move this Court for an order *in limine* and/or for sanctions precluding Defendant The Martin Luther King, Jr. Center for Nonviolent Social Change, Inc. from taking a position at trial -- including the introduction of testimony, exhibits, and arguments -- on those issues for which Defendant's corporate designee could not or did not provide Rule 30(b)(6) testimony.

1

As set forth in the accompanying Memorandum, Strategic Decisions served a Re-Notice of 30(b)(6) Deposition on May 7, 2014. (Dkt. 44.) Despite Strategic Decisions' good faith efforts, Defendant failed to fulfill its obligation to produce a Rule 30(b)(6) designee who was adequately educated and prepared to testify on the designated topics, including Topics 2, 6, 7, 8, 9, and 10 of the Re-Notice. Defendant's designee provided "I don't know" and "I have no idea" answers on these topics and admitted that she had made little to no effort to prepare for the deposition. Counsel for Defendant has acknowledged that Defendant's "lack of knowledge" is binding on his client. Therefore, Defendant should be precluded at trial from taking a position on the subject matters for which it was unable to provide knowledgeable and specific responses. Allowing Defendant to take a position at trial would prejudice Strategic Decisions and expose it to ambush at trial because, despite various good faith efforts, Strategic Decisions has been unable to obtain Defendant's corporate position on these topics.

WHEREFORE, Strategic Decisions, LLC respectfully requests that this Motion be granted and that Defendant be barred from taking a position at trial -- including the introduction of testimony, exhibits, and arguments -- on Topics 2, 6, 7, 8, 9, and 10 of the Re-Notice of Deposition. Plaintiff further requests that the Court grant any other relief it finds just and proper.

Respectfully submitted, this 27th day of January 2015.

                                    **BAKER, DONELSON, BEARMAN,**
                                    **CALDWELL & BERKOWITZ, PC**

| | |
|---|---|
| Suite 1600, Monarch Plaza | /s/ Damany F. Ransom |
| 3414 Peachtree Rd., N.E. | Damany F. Ransom |
| Atlanta, Georgia  30326 | Georgia Bar No. 594774 |
| Telephone: (404) 577-6000 | Jennifer L. Ervin |
| Facsimile: (404) 221-6501 | Georgia Bar No.061076 |
| dransom@bakerdonelson.com | |
| jervin@bakerdonelson.com | *Counsel for Strategic Decisions, LLC* |

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14-point) approved by the Court in Local Rules 5.1 (C) and 7.1 (D).

This 27th day of January 2015.

/s/Damany F. Ransom
DAMANY F. RANSOM

## CERTIFICATE OF SERVICE

This is to certify that on this date a true and correct copy of this <u>Motion *in Limine* and/or for Sanctions</u> was filed electronically with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to:

Eric L. Barnum
Cherie P. O'Reilly
Lindsey N. Berg
SCHIFF HARDIN LLP
One Atlantic Center, Suite 2300
1201 West Peachtree Street
Atlanta, GA 30309

This 27th day of January 27, 2015.

/s/Damany F. Ransom
DAMANY F. RANSOM