IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STRATEGIC DECISIONS, LLC,

        **Plaintiff,**

      **v.**

THE MARTIN LUTHER KING, JR.
CENTER FOR NONVIOLENT
SOCIAL CHANGE, INC.,

        **Defendant.**

**1:13-cv-2510-WSD**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Strategic Decisions, LLC's ("Plaintiff") Motion to Reopen Discovery [89], Plaintiff's Motion for Reconsideration of the Court's Order denying Plaintiff's Motion for Partial Summary Judgment on its breach of contract claim [92], and Plaintiff's Motion in Limine and/or for Sanctions [97].

## I.   MOTION TO REOPEN DISCOVERY

### A.   Background

On December 5, 2014, the Court ordered Defendant The Martin Luther King, Jr. Center for Nonviolent Social Change, Inc. ("Defendant") to show cause why it had not produced the audio recordings of board meetings requested in

Plaintiff's First Request for Production of Documents, and explain whether any recordings of Executive Committee meetings contain information relevant to Plaintiff's claims.  On December 10, 2014, Defendant responded to the Court's Show Cause Order and stated that it did not have, in its possession, custody or control, audio recordings of board meetings.  Defendant also stated that the recording of a July 23, 2013, Executive Committee meeting was the only recording in Defendant's possession.  This recording was produced to Plaintiff and the parties do not dispute that it does not contain information relevant to Plaintiff's claims.

On December 23, 2014, Plaintiff moved to reopen discovery for the limited purpose of deposing a representative of Defendant regarding the audio recordings of board meetings and committee meetings.  Plaintiff seeks to elicit testimony regarding the existence of audio recordings of board meetings and committee meetings, including whether the audio recordings were lost or destroyed. Plaintiff's request is based on the assumption that the audio recordings, in fact, exist or existed in the past.  To support this assumption, Plaintiff relies on the testimony of Plaintiff's corporate representative, Bernice King ("Bernice").  At her deposition, Bernice testified that "some" Executive Committee meetings were recorded, and if the Executive Committee held a meeting, it would have "dealt

with issues like the Strategic Decisions contract."  <u>See</u> Bernice Dep. at 238:22-239:23.  Bernice stated that she does not keep the recordings at the King Center because "Dexter's the one that records them."  <u>Id.</u>  Plaintiff also relies on a document showing that, in March 2012, Defendant was in the process of transcribing board audio files, and on Martin Luther King III's ("Martin") testimony that he thought board meetings were recorded.  <u>See</u> Ex. C, attached to Pl.'s Resp. to Def.'s Dec. 10, 2014, Filing; Martin Dep. 120:15-22.[1]

B.   <u>Analysis</u>

"Generally, a motion for additional discovery is properly denied where a significant amount of discovery has already been obtained and further discovery would not be helpful."  <u>Artistic Entm't, Inc. v. City of Warner Robins</u>, 331 F.3d 1196, 1202-03 (11th Cir. 2003) (citing <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1580–81 (11th Cir. 1991)).  Plaintiff's reliance on Bernice's testimony regarding audio recordings of Executive Committee meetings is misplaced.  Plaintiff did not specifically request that such recordings be produced, and Bernice's testimony regarding "Executive Committee" meetings does not necessarily mean that "board meetings" were recorded.  Martin's testimony that he "did not know" if "board or

_____

[1] At his deposition, Martin testified that he did not know whether board or committee meetings were recorded, and he "believed–certainly board meetings are. There was some recording going on."  <u>See</u> Martin Dep. at 120:15-22.

committee meetings" were recorded also does not support that recordings were made or that they are available to be produced. <u>See</u> Martin Dep. at 120:15-22. Defendant represents that it does not have audio recordings of board or committee meetings in its possession, custody or control. The lone document showing that, in March 2012, Defendant was in the process of transcribing board audio files is not sufficient to reopen discovery in view of the Defendant's unqualified representation that recordings do not exist. The Court concludes that a significant amount of discovery has already been conducted, and it is not reasonably likely that additional discovery would show that recordings exist.

Plaintiff's Motion to Reopen Discovery is also required to be denied because Plaintiff moved to reopen discovery only after the Court denied the parties' Motions for Summary Judgment. <u>See</u> <u>Ashmore v. Sec'y, Dep't of Transp.</u>, 503 F. App'x 683, 686 (11th Cir. 2013) (affirming the district court's denial of a motion to reopen discovery because "the [defendant] would have been prejudiced by additional discovery [since] it had already filed its motion for summary judgment."). Plaintiff's Motion to Reopen Discovery is denied.

## II.    MOTION FOR RECONSIDERATION

### A.    <u>Background</u>

On October 15, 2014, Plaintiff filed its Motion for Partial Summary Judgment on its breach of contract claim.  Plaintiff incorporated the arguments it made in its Response in opposition to the Defendant's Motion for Summary Judgment.  In that Response, Plaintiff generally claimed that it had satisfied all the elements of a breach of contract claim and was entitled to summary judgment because

> the parties executed a valid contract under which [Plaintiff] was to provide consultative services.  (Ex. G; see Ex. C. at 70:3-71:7). Defendant promised to pay $216,000 for the services.  (Ex. G.). [Plaintiff] provided the services.  (Ex. C at 73:15-78:16; see Ex. B at 166:12-174:11).  Defendant breached the agreement by failing to pay the amount owed.  (See Ex. B at 230:19-231:7).  Defendant damaged [Plaintiff] by denying [Plaintiff] money it was contractually obligated to pay.

Pl.'s Resp. to Def.'s Mot. for Summ. J. at 14.

On November 25, 2014, Plaintiff filed its Reply in support of its Motion for Summary Judgment.  In it, Plaintiff raised new arguments to support that it adequately performed under the Agreement.  Plaintiff relied on Martin's deposition to argue that there is no genuine issue of fact regarding whether it fulfilled its obligations under the Agreement.  At his deposition, Martin, the former CEO of

Defendant, testified that (1) he was "tremendously satisfied" with Plaintiff's services, (2) he believed that Plaintiff performed at a "significant level," and (3) affirmed that Plaintiff satisfactorily performed some of the tasks required under the Agreement.  <u>See</u> Martin Dep. at 73:15-24-78:16.  Plaintiff also argued that Defendant is obligated to pay the amount owed under the Agreement because Defendant received the benefit of Plaintiff's services, and Defendant did not assert that Plaintiff failed to meet its contractual obligations during the term of the Agreement.

On December 5, 2014, the Court denied Plaintiff's Motion for Partial Summary Judgment on its breach of contract claim.  The Court found that Plaintiff's conclusory allegations, made in its Response to Defendant's Motion for Summary Judgment and incorporated by reference in its own Motion for Partial Summary Judgment, were not supported by arguments or facts in the record.  The Court also found that Plaintiff made new arguments in its Reply that were not raised in its Motion for Partial Summary Judgment, and that Plaintiff did not, in its Reply, assert or identify evidence to support that it provided all the "deliverables" required to be provided by the Agreement.

The Court noted that Plaintiff bears the initial burden to demonstrate the basis for its Motion for Partial Summary Judgment "by identifying those portions

6

of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact" on its breach of contract claim.  See Hairston v. The Gainesville Sun Publishing Co., 9 F.3d 913, 918 (11th Cir. 1993).  The Court found that Plaintiff did not meet this burden.  Its failure to do so was problematic because Plaintiff must show that it performed its obligations under the Agreement to recover damages, and to establish that a valid agreement exists.  These issues are important here because Martin did not immediately sign the Agreement, and Defendant acknowledged, in August, 2011, that a written contract did not exist for the services provided to Defendant.  See Corrosion Control, Inc. v. William Armstrong Smith Co., 251 S.E.2d 49 (1978) ("To recover damages, a party who bases his action on an express contract must have performed all his obligations under the contract.").

On December 21, 2014, Plaintiff moved for reconsideration of the Court's Order denying its Motion for Partial Summary Judgment.  Plaintiff argues that paragraph 31 of its Statement of Material Facts ("SMF") was supported by Martin's testimony that Plaintiff provided the required deliverables under the Agreement.  Paragraph 31 of Plaintiff's SMF provides that "Strategic Decisions provided the deliverables listed in the Agreement."  See SMF ¶ 31.  In support of paragraph 31, Plaintiff relied on pages 73-78 of Martin's deposition.  When he was

deposed, Martin reviewed the Agreement and testified that Plaintiff provided the deliverables required by the Agreement, and that he was "tremendously satisfied" with Plaintiff's performance.  See Martin Dep. at 73:15-24-78:16.

Plaintiff also argues that the Court should not have considered Terry Giles' affidavit in denying its Motion for Partial Summary Judgment.  Defendant submitted Giles' affidavit in support of its Motion for Summary Judgment.  In January or February 2012, Giles decided not to pay Plaintiff the amount owed under the Agreement because, as the court-appointed custodian of Defendant, he determined that Plaintiff "did not provide detail regarding what work was actually performed pursuant to the Agreement or what benefit its services brought to the King Center."  See Giles Aff. at ¶ 8.  Plaintiff argues that Giles' opinion is not relevant because he did not serve as Defendant's court-appointed custodian during the term of the Agreement, and he decided not to pay the amount owed under the Agreement after Plaintiff had performed the required work.

B.    Legal Standard

A district court has discretion to revise or reconsider interlocutory orders at any time before final judgment has been entered.  See Fed. R. Civ. P. 54(b); see also Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1315 (11th Cir. 2000).  The Court does not reconsider its orders as a matter of routine practice.  See LR 7.2 E,

8

NDGa.  A motion for reconsideration is appropriate only where there is: (1) newly

discovered evidence; (2) an intervening development or change in controlling law;

or (3) a need to correct a clear error of law or fact.  See Jersawitz v. People TV,

71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's

History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga.

1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).  A motion for reconsideration should

not be used to present the Court with arguments already heard and dismissed, or to

offer new legal theories or evidence that could have been presented in the

previously-filed motion.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga.

2003); see also Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for

reconsideration is not an opportunity for the moving party and their counsel to

instruct the court on how the court 'could have done it better' the first time.").

    C.    Analysis

    Local Rule 7.1(A)(1), which sets requirements for the the filing of motions

in this Court, provides:

> Every motion presented to the clerk for filing shall be accompanied by
> a memorandum of law which cites supporting authority.  If allegations
> of fact are relied upon, supporting affidavits must be attached to the
> memorandum of law.

N.D. Ga. R. 7.1(A)(1).  Rule 7(b)(1)(B) of the Federal Rules of Civil Procedure

requires motions to "state with particularity the grounds for seeking" relief.  See

Fed. R. Civ. P. 7(b)(1)(B).  Plaintiff's conclusory claim that it "provided the services" required by the Agreement was not supported with the particularity demanded by the Federal Rules of Civil Procedure and the Court's Local Rules. See Pl.'s Resp. to Def.'s Mot. for Summ. J. at 14.  Plaintiff's Motion for Summary Judgment on its breach of contract claim also is not supported by argument or analysis.  The Court denied Plaintiff's Motion for Partial Summary Judgment because Plaintiff failed to address, analyze and explain how it performed the required obligations under the Agreement—a material element of its breach of contract claim.  See Jackson v. Brewton, 595 F. App'x 939, 942 (11th Cir. 2014) (refusing to consider *pro se* plaintiff's appeal because one sentence in support of his First Amendment claim was not enough to place the issue before the court); Handy v. Cook, 476 F. App'x 844, 844-45 (11th Cir. 2012) (holding that plaintiff abandoned his appeal by failing to offer any corresponding argument in support of the statement of issues); Nicholson v. Spring Sand & Clay LP, 229 F. App'x 304, 305 (5th Cir. 2007) (holding that the failure to include a legal argument or citation in a brief in support of general conclusions constitutes abandonment of the issues); Sioson v. Knights of Columbus, 303 F.3d 458, 460 (2d Cir. 2002) (refusing to "dig up and scrutinize anew the memorandum in opposition to summary judgment" in the absence of a properly raised argument that analyzes the claims at issue).

Plaintiff's belated reliance on its SMF and Martin's deposition testimony does not require the Court to reconsider its decision denying the Motion for Partial Summary Judgment.  Plaintiff did not cite the SMF in its Response in opposition to Defendant's Motion for Summary Judgment or in its Motion for Partial Summary Judgment.  The Court was not required to scour through the record for the evidence upon which the Plaintiff now relies to support its Motion for Partial Summary Judgment.  See Magnum Towing & Recovery v. City of Toledo, 287 F. App'x 442, 449 (6th Cir. 2008) (holding that "it is not the district court's . . . duty to search through the record to develop a party's claims; the litigant must direct the court to evidence in support of its arguments before the court.").  Plaintiff's failure to properly analyze its breach of contract claim and explain the purported evidence with specificity left this Court groping "'unaided for factual needles in a documentary haystack.'"  Grant v. El Conquistador Partnership L.P., No. 06-1849(SEC), 2009 WL 1140261, at *2 (D.P.R. Apr. 27, 2009) (quoting Sanchez–Figueroa v. Banco Popular de Puerto Rico, 527 F.3d 209, 213 (1st Cir. 2008)).

Plaintiff seeks to "unfairly shift the burdens of litigation to the court." Id. The mere submission of evidence without specifically articulating how that evidence supports Plaintiff's breach of contract claim does not entitle Plaintiff to

relief.  Plaintiff failed to explain the evidence with specificity, and the Court is not required to wade through Plaintiff's exhibits, including Martin's deposition, and divine Plaintiff's arguments by examining the evidence in light of the claims asserted in the Complaint.  See Atlanta Gas Light Co. v. UGI Util., Inc., 463 F.3d 1201, 1208 n.11 (11th Cir. 2006) ("Neither the district court nor this court has an obligation to parse a summary judgment record to search out facts or evidence not brought to the court's attention."); see also Corley v. Rosewood Care Center, Inc., 388 F.3d 990, 1001 (7th Cir. 2004) (requiring parallel citations to the record in appellate briefs and noting that "Corley has failed miserably and we will not root through the hundreds of documents and thousands of pages that make up the record here to make his case for him."); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001) (noting that "requiring the district court to search the entire record, even though the adverse party's response does not set out the specific facts or disclose where in the record the evidence for them can be found, is unfair" to the movant, to the court, and to other litigants whose cases the court could be addressing); Adler v. Wal–Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998) (holding that "where the burden to present such specific facts by reference to exhibits and the existing record was not adequately met below, we will not reverse a district court for failing to uncover them itself . . . If the rule were otherwise, the

12

workload of the district courts would be insurmountable and summary judgment would rarely be granted."); <u>Herman v. Chicago</u>, 870 F.2d 400, 404 (7th Cir. 1989) ("A district court need not scour the record to make the case of a party who does nothing.").

Plaintiff's Motion for Reconsideration is denied.[2]

## III.   MOTION FOR SANCTIONS

### A.   <u>Background</u>

On April 18, 2014, Plaintiff noticed the 30(b)(6) deposition of Defendant's corporate representative for May 12, 2014.  The notice identified eighteen (18)

---

[2] Plaintiff's Motion for Partial Summary Judgment on its breach of contract claim was primarily denied because the general allegations of the claimed breach of the Agreement did not provide a basis upon which the Court could find that Plaintiff was entitled to summary judgment.  In its December 5, 2014, Order, the Court noted that Defendant had offered some evidence to support that Plaintiff performed unsatisfactorily under the Agreement.  The Court did not rely "on the notion that Giles worked with Defendant in 2011 to find a fact issue exists."  Pl.'s Mot. for Reconsideration at 12.  Giles stated that, in January or February of 2012, he determined that Plaintiff "did not provide detail regarding what work was actually performed pursuant to the Agreement or what benefit its services brought to the King Center."  <u>See</u> Giles Aff. at ¶ 8.  This fact is relevant even if Giles served as a court-appointed custodian after Plaintiff allegedly performed its obligations under the Agreement.  Giles stated that he made the decision not to pay Plaintiff, in part, because Plaintiff did not "provide detail regarding what work was actually performed pursuant to the Agreement."  <u>Id.</u>  In its briefs, Plaintiff did not address, analyze or explain how it performed the obligations required by the Agreement and that is why the Motion for Partial Summary Judgment on Plaintiff's breach of contract claim was denied.

topics of examination, including the services provided by Plaintiff, Defendant's efforts to identify the services provided by Plaintiff, the reasons Defendant decided not to pay Plaintiff for the amount owed under the Agreement, and Defendant's efforts to obtain grants from JPMorgan Chase between 2010 and 2012. These topics were all targeted to the issues central to this dispute. On May 2, 2014, Defendant informed Plaintiff that it would not designate a 30(b)(6) representative to testify on the topics listed in the April 18, 2014, Notice. According to Defendant, Martin is the appropriate person to testify on these matters, but Defendant was not in contact with him because of unrelated litigation between Defendant and the Estate of Martin Luther King, Jr., Inc.[3]

On May 7, 2014, Plaintiff re-noticed the deposition of Defendant's corporate representative for May 15, 2014. The amended notice identified seventeen (17) topics of examinations, including the following that are pertinent here:

---

[3] On May 5, 2014, the parties submitted to the Court a Second Joint Submission on Discovery Issues. In it, Defendant remarkably conceded that "it was unable to designate someone with reliable knowledge of (1) services provided by the Plaintiff, (2) the King Center's efforts to identify services provided by Plaintiff, or (3) the factual basis for the King Center's decision not to pay Plaintiff." Def.'s Resp. to Mot. for Sanctions at 4. Despite this failing, Defendant designated Bernice to testify on these matters knowing that she may be unable to provide the testimony required.

. . .

2.  The services provided by Strategic Decisions.

. . .

6.  Defendant's use of the Investment Proposal and/or any parts of the Investment Proposal between January 2011 and present.

7.  Defendant's efforts to identify the services provided by Strategic Decisions; all persons involved in the efforts; and the results of the efforts.

8.  The factual basis for Defendant's decision not to pay Strategic Decisions; all persons involved in the decision; and all considerations underlying the decision, including all facts, events, documents, discussions and meetings relevant to the decision.

9.  Defendant's efforts to obtain grants from JPMorgan Chase between 2010 and 2012; the results of these efforts; and the reasons you believe the efforts were or were not successful.

10.  The King Center Imaging Project, including the funding, development and implementation of the Project; Defendant's partnership with JPMorgan Chase; and Strategic Decisions' contributions to the project.

On May 13, 2014, Defendant designated Bernice, its current CEO, as its

30(b)(6) representative.  On May 15, 2014, Bernice testified on Defendant's

behalf.

On January 27, 2015, Plaintiff filed a Motion in Limine and/or for Sanctions

to preclude the Defendant from introducing evidence or taking a position at trial on

topics 2, 6, 7, 8, 9 and 10 of the Re-Notice (the "Rule 30(b)(6) Topics").  Plaintiff

argues that Defendant should be sanctioned because Bernice was not prepared at her deposition to testify on these Rule 30(b)(6) Topics.

B.     Legal Standard

Rule 30(b)(6) of the Federal Rules of Civil Procedure requires that a deposition notice "must describe with reasonable particularity the matters for examination."  See Fed. R. Civ. P. 30(b)(6).  "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."  Id.  "The persons designated must testify about information known or reasonably available to the organization."  Id. The organization's "duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee is personally involved.  The [organization] must prepare the designee to the extent matters are reasonably available, whether from documents, past employees or other sources."  Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir. 2006) (internal quotation marks and citations omitted).  An organization has an affirmative duty to prepare its designees, "so that they may give complete, knowledgeable and binding answers on behalf of the corporation." Marker v. Union Fid. Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989).  "If it

becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute."  Brazos River Auth., 469 F.3d at 433.

A district court has broad discretion in selecting sanctions under Rule 37 of the Federal Rules of Civil Procedure.  See Coquina Investments v. TD Bank, N.A., 760 F.3d 1300, 1319 (11th Cir. 2014) ("Our caselaw is clear that only in a case where the court imposes the most severe sanction—default or dismissal—is a finding of willfulness or bad faith failure to comply necessary.") (quoting BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1049 (11th Cir. 1994)).  Rule 37(d)(1)(A)(i) allows the Court to impose sanctions if a 30(b)(6) witness fails to appear for a deposition.  See Fed. R. Civ. P. 37(d)(1)(A)(i).  If a 30(b)(6) witness "is not knowledgeable about relevant facts, and the [organization] has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." Resolution Trust Corp. v. S. Union Co., 985 F.2d 196, 197 (5th Cir. 1993); see also Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 304 (3d Cir. 2000) ("When a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable [as a nonappearance] under Rule 37(d)" of

the Federal Rules of Civil Procedure.); <u>The Bank of New York v. Meridien BIAO Bank Tanzania Ltd.</u>, 171 F.R.D. 135, 151 (S.D.N.Y. 1997) ("'Producing an unprepared witness is tantamount to a failure to appear.'") (quoting <u>United States v. Taylor</u>, 166 F.R.D. 356, 363 (M.D.N.C. 1996)).

Permissible sanctions for failing to designate a witness knowledgeable about Rule 30(b)(6) categories include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." <u>See</u> Fed. R. Civ. P. 37(b)(2)(A)(ii). "When the 30(b)(6) representative claims ignorance of a subject during the deposition, courts have precluded the corporation from later introducing evidence on that subject." <u>Function Media, LLC. v. Google, Inc.</u>, No. 2:07–CV–279–CE, 2010 WL 276093, *1 (E.D. Tex. Jan. 15, 2010); <u>see also</u> <u>Wilson v. Lakner</u>, 228 F.R.D. 524, 529-30 (D. Md. 2005) (". . . depending on the nature and extent of the obfuscation, the testimony given by the non-responsive deponent (e.g. 'I don't know') may be deemed 'binding on the corporation' so as to prohibit it from offering contrary evidence at trial.") (citations omitted); <u>Rainey v. Am. Forest & Paper Ass'n, Inc.</u>, 26 F. Supp. 2d 82, 94 (D.D.C. 1998) ("Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition.").

C.      <u>Analysis</u>

The Court has reviewed the Rule 30(b)(6) Topics and finds that they describe with particularity the matters upon which Defendant was to be deposed. <u>See</u> Fed. R. Civ. P. 30(b)(6).  The topics here were specific, simply stated and straight-forward.  They met the requirements of Rule 30(b)(6).

Bernice, however, was completely unprepared to testify about the Rule 30(b)(6) Topics.  She did not review documents or interview witnesses in advance of her deposition to prepare to be deposed except for certain documents sent to her by Defendant's counsel.  Bernice Dep. at 17:1-19:5.  She did not speak to Martin or anyone else in Defendant's previous management to determine whether Plaintiff provided the services under the Agreement.  <u>Id.</u> at 167:13-174:11; 249:24-250:14. She did not read the Agreement "in detail" and she was unable to testify about the terms of the Agreement.  <u>Id.</u> at 16:6-24.  She did not speak with anyone regarding the terms of the Agreement prior to her deposition.  <u>Id.</u>

On topic 2, Bernice testified that she did not know whether Plaintiff performed "any of them—of the services."  <u>Id.</u> at 165:21-22.  Under the Agreement, Plaintiff agreed to provide Defendant with the following organizational development "deliverables" to stabilize Defendant's business and achieve sustainable operations:

- Develop and implement a reality-based plan of action to guide the King Center over the next 12-18 months;

- Enhance the leadership and management acumen of the President and CEO;

- Secure immediate and intermediate funding while positioning the King Center for long-term support from a diverse base of funders and donors;

- Recruit and support senior management;

- Develop and market a set of signature programs with donors, foundations, and corporations that define the new King Center; and

- Affirm past relationships and build new relationships with key individuals and organizations in the Civil Rights, Faith-Based, Labor, Social Justice, Human Rights Communities, and Socially-Responsible Corporations.

Consultative Serv. Agreement at 2-4. [4]  At her deposition, Bernice was asked

---

[4] Each of these specific deliverables in the Agreement included a discrete set of tasks that Plaintiff agreed to perform for Defendant.  For example, the tasks required under the deliverable "recruit and support senior management" included

> "assess[ing] the daily management needs of The King Center, [design]ing a COO job description to address the operations needs of the organization, identify[ing] prospective candidates for review by an interview team and the President and CEO, design[ing] rigorous orientation and onboarding process for the COO, facilitat[ing] development and maintenance of the organizational culture at the senior management level reflecting The King Center's values, and support[ing] the COO in designing and facilitating the weekly senior staff team call."  Consultative Serv. Agreement at 4.

whether Plaintiff completed the tasks required for each deliverable, and she affirmatively stated that she did not know whether Plaintiff performed any of the required tasks.  Id. at 168:1-173:20.  On topic 7, Bernice testified that her personal assistant, Eric Tidwell, tried to identify the services provided by Plaintiff, but she did not "know what else, you know, he did.  Like, I don't know if he went to look here, or look there, look there."  Id. at 270:11-16.  Bernice also did not know whether Defendant's former custodian, Terry Giles, reviewed materials to determine whether Plaintiff provided the required deliverables.  Id. at 271:2-12. On topic 8, with respect to Giles' decision not to pay Plaintiff the amount owed under the Agreement, Bernice testified that "I don't know all of the reasons.  All I know is we were told that they were not going to be paid.  'We don't have the money.'  That's it.  So what other reasons, I have no idea."  Id. at 231:22-25.

On topic 6, Bernice testified that she "had no idea how [the investment proposal] was used.  I assume it was used to get some people to invest in The Center, from what it says."  Id. at 208: 16-18.  Bernice also "ha[d] no idea" if the investment proposal was submitted to JPMorgan Chase.  Id. at 210:8-11.

On topic 9, Bernice did not know and could not recall important details about Defendant's efforts to obtain a grant from the JPMorgan Chase Foundation ("JCF").  Bernice did not know why Defendant failed to procure a grant from JCF,

and, in preparation for her deposition, she did not ask Giles, or anyone at JCF, why a grant could not be procured.  Id. at 219:11-220:1.

On topic 10, Bernice did not know if Plaintiff contributed to the King Center Imaging Project.  Id. at 207: 22-25.  She was unable to answer basic questions about the Imaging Project, including who designed and determined the content of the website, and how long it took to develop the website.  Id. at 210: 8-23.[5]

Under Rule 30(b)(6), Defendant was obligated to prepare Bernice to be able to testify on behalf of Defendant on each of the Rule 30(b)(6) Topics.  Defendant failed to prepare Bernice to do so.  Defendant does not contend that the information on these topics was not known or was inaccessible when Bernice testified at the 30(b)(6) deposition.  See Rainey, 26 F. Supp. 2d at 94.  Defendant also does not explain why it failed to meet this fundamental obligation to provide a knowledgeable witness on the topics as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Defendant's failure to adequately prepare Bernice for her deposition on the Rule 30(b)(6) Topics is "tantamount to a failure to appear that is sanctionable [as a nonappearance] under Rule 37(d)" of the Federal Rules of

---

[5] Defendant contends that Bernice "provided relevant, meaningful testimony on each category of examination set forth in Plaintiff's deposition notice."  Def.'s Resp. to Mot. for Sanctions at 2.  This is an unsupported, self-serving misrepresentation of Bernice's testimony.

Civil Procedure.  See Black Horse, 228 F.3d at 304; see also Resolution Trust

Corp., 985 F.2d at 197.  Defendant further failed in its obligation under Rule

30(b)(6) to designate a knowledgeable substitute representative to testify as

Defendant's 30(b)(6) witness when Bernice was unable to provide the most basic

factual information required by the Rule 30(b)(6) Topics.  See Myrdal v. D.C.,

248 F.R.D. 315, 317 (D.D.C. 2008) (noting that "the designating party has a duty

to substitute an appropriate deponent when it becomes apparent that the previous

deponent is unable to respond to certain relevant areas of inquiry.").[6]

  This is not a case of a 30(b)(6) deponent that did not go far enough to

testify.  It is a case where a party did not fulfill its discovery obligation and then

made no effort to correct this discovery failure.  "[T]he purpose behind Rule

30(b)(6) undoubtedly is frustrated in the situation in which a corporate party

produces a witness who is unable/unwilling to provide the necessary factual

information on the entity's behalf."  Black Horse, 228 F.3d at 304 (quoting

Fed. R. Civ. P. 30 advisory committee's notes stating that Rule 30(b)(6) is an

---

[6] Defendant states that "Plaintiff never requested the King Center produce another 30(b)(6) witness on the categories it now alleges Ms. King failed to adequately testify to, even after this Court extended the discovery period to allow Plaintiff to do so."  Def.'s Resp. to Mot. for Sanctions at 2.  It was Defendant's responsibility to substitute an appropriate deponent after Bernice failed to adequately prepare for the deposition, and failed to respond to the relevant areas of inquiry.

"added facility for discovery" that "curb[s] the 'bandying' by which officers and managing agents of a corporation are deposed in turn but each disclaims knowledge" of relevant facts).

The Court concludes that sanctions here are appropriate and required because Defendant failed to provide a knowledgeable representative to testify about the Rule 30(b)(6) Topics.  Accordingly, Plaintiff's Motion in Limine and/or for Sanctions is granted.  Defendant is precluded from introducing evidence at trial on topics 2, 6, 7, 8, 9, and 10 of the Rule 30(b)(6) Re-Notice of Deposition that contradicts, alters, supplements, amends or explains Bernice's testimony on the Rule 30(b)(6) Topics.  See Function Media, 2010 WL 276093, at *1; Wilson, 228 F.R.D. at 529-30; Rainey, 26 F. Supp. 2d at 94.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen Discovery [89] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration [92] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine and/or for Sanctions [97] is **GRANTED**.  Defendant is precluded at trial from introducing

evidence on topics 2, 6, 7, 8, 9, and 10 of the 30(b)(6) Re-Notice of Deposition that contradicts, alters, supplements, amends or explains Bernice's testimony on the Rule 30(b)(6) Topics.

**SO ORDERED** this 5th day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE